IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE MEHNER FAMILY TRUST, RAYMOND H. MEHNER, MARK A. MEHNER, ANDREA L. MEHNER, ANTHONY Q. MEHNER, AND DANIELLE N. MEHNER,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, KOZENY & MCCUBBIN, L.C., WELLS FARGO BANK, N.A., AND REO ASSET MANAGEMENT COMPANY LLC,<br><br>Defendants. | 8:16CV367<br><br>MEMORANDUM ORDER |

This matter is before the Court on several motions (Filing Nos. 42, 56, and 59) and requests (Filing Nos. 41, 51, and 64) filed by the plaintiffs and related to the motions to dismiss and motions for summary judgment currently pending before the Court. This is an action for wrongful foreclosure, quiet title, slander to title, and alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

1.  **Plaintiffs' Motion to Strike Extraneous Material (Filing No. 42)**

In their thirty-page Amended Complaint, the plaintiffs recount a seven-year detailed history of a mortgage loan, subsequent assignments of that loan, a federal forfeiture action, four state-court cases, a bankruptcy action and adversary proceeding, and an eventual foreclosure and attempted eviction. Defendants U.S. Bank National Association and Wells Fargo Bank, N.A. (collectively, "Banks") and Kozeny & McCubbin, L.C., have moved to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). In support of their motions, the Banks submitted various pleadings, orders, briefs, and transcripts of proceedings from the state-court actions, as well as documents

filed with the Douglas County Register of Deeds that pertain to the property that is the subject of this action.

The plaintiffs moved to strike those documents, contending the documents cannot be considered on a motion to dismiss. They argue the Court's review is limited to the face of the Amended Complaint, but they do not dispute the authenticity of the documents and concede some of the documents are referred to in their Amended Complaint.[1] In response, the defendants argue (1) the documents are necessarily embraced in the Amended Complaint and (2) the Court can take judicial notice of the documents because they are public records.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012). In reviewing a motion to dismiss, the Court is "not precluded in [its] review of the complaint from taking notice of items in the public record." *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). In the Eighth Circuit, "Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion . . . . Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion."[2] *Id.* (quoting *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th

---

[1]They specifically challenge the following documents in Filing No. 26 as not having been referred to in their Amended Complaint: Ex. J - Quit Claim Deed; Ex. O - Motion for Injunctive Relief filed in State Action; Ex. P - Order Denying Motion for Injunctive Relief in State Action; Ex. R - Motion for Leave to File Amended Complaint in State Action; Ex. S - Draft Second Amended Complaint in State Action; Ex. T - Order on Motion to File Second Amended Complaint in State Action; Ex. V - Order granting restitution; Ex. W - Order denying Motion to Alter or Amend.

[2]Where a defendant attaches extrinsic evidence to a Rule 12(b)(6) motion, the court ordinarily must convert that motion into one for summary judgment under Rule 56

Cir. 1999)); *see also Miller*, 688 F.3d at 931 n.3 (noting that courts may consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned, without converting the motion into one for summary judgment). Court records are public records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978).

Under the Federal Rules of Evidence, the Court "may judicially notice a fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute if it is "generally known within the trial court's territorial jurisdiction" or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.; accord Lustgraaf v. Behrens*, 619 F.3d 867, 885 (8th Cir. 2010) ("Judicial notice of a fact is only to be taken when that fact is not subject to reasonable dispute.") The Court "may take judicial notice on its own" and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

Courts routinely take judicial notice of documents filed in other courts "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner*, 937 F.2d 767, 774 (2d Cir. 1991); *see Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 543 n.4 (8th Cir. 2015); *Kushner v. Beverly Enters.*, 317 F.3d 820, 832 (8th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its

---

and give the plaintiff an opportunity to respond. Fed. R. Civ. P. 12(d). If, however, "an attached document is integral to the plaintiff's claims and its authenticity is not disputed, the plaintiff 'obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

authenticity."); C. Wright and K. Graham, 21B Federal Practice & Procedure § 5106.4 (discussing the distinction between taking judicial notice of the "existence" of a statement of fact in court records and taking notice of the "truth" of that fact).

The Court finds the Plaintiffs' Motion to Strike should be denied. The Plaintiffs specifically refer to several state-court actions in their Amended Complaint and accordingly, the state-court filings are necessarily embraced within the allegations of the Amended Complaint. Also, the submitted Register of Deeds documents are public records.

2. **The Banks' and REO Asset Management Company, LLC's ("REO") Motions for Leave to File Further Evidence (Filing Nos. 56 and 59)**

In these motions, defendants the Banks and REO Asset Management Company, LLC. seek leave to file as evidence in this case a recent order entered in one of the state-court cases (Filing Nos. 57-2 and 60-1, *Mehner Family Trust, et al. v. Wells Fargo Bank, et al.*, Docket CI14-1901, Order dated Dec. 9, 2016). The state-court action is referred to and embraced in the Amended Complaint and the order is a public record. The Court finds the motions should be granted and the Court will take judicial notice of the order.

3. **The Plaintiffs' Requests to Take Judicial Notice (Filing Nos. 41, 51, and 64)**

The Plaintiffs request the Court take judicial notice of certain documents submitted in opposition to the Banks' Motion to Dismiss (Filing Nos. 41, 51) and in support of plaintiffs' Motion for Summary Judgment (Filing No. 64). This Court can take judicial notice of its own records and public records. All the records in Filing Nos. 41 and 51 are public records or records of the Court. All the records in Filing No. 64, except for documents identified in the request for judicial notice as numbers 2, 4, 7, 8, and 10, are public records or records of the Court. Items 2, 4, 7, 8, and $10^3$ are various

---

[3]These are the numbers given to the documents in Filing No. 64 and are not the same as the numbers on the attached exhibit list.

communications and a title report; none of these items comes from a source whose authenticity cannot be questioned, nor are the items authenticated. For the reasons stated above, the Court finds the motions should be granted in part and the Court will take judicial notice of the documents, except for numbers 2, 4, 7, 8, and 10 in Filing No. 64. The Court will consider the documents to establish the fact of the litigation, and not for the truth of the matters asserted therein. Accordingly,

IT IS ORDERED:
1. Plaintiff's Motion to Strike Extraneous Material (Filing No. 42) is denied.
2. Defendants U.S. Bank's, Wells Fargo Bank's, and REO's Motions for Leave to File Further Evidence (Filing Nos. 56 and 59) are granted.
3. Plaintiffs' Requests to Take Judicial Notice (Filing Nos. 41, 51, and 64) are granted in part and denied in part.

Dated this 1st day of March, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge

5